■ ANNA KARDAS, as Administratrix of the Estate of ANDREW KARDAS, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 38544.) — *Per Curiam.* Appeal from a judgment of the Court of Claims awarding the claimant damages for the death by suicide of her husband, a patient at the New York State Psychiatric Institute. On August 10, 1960, the admitting physician of the Institute, although aware that on the previous day an observer at the clinic which had recommended admission thought the decedent was suicide prone, made a diagnosis that the decedent was not a suicide risk. His colleagues, two physicians on the staff of the Institute, concurred in his diagnosis. On August 27, 1960, the decedent escaped from the premises and committed suicide. The court found that the physicians of the Institute who made the judgment "were competent and professionally able", that they "exercised their best judgment in diagnosing the claimant intestate's case", that they "had the required knowledge and skill" and that they "did not omit to use reasonable care or fail to use their best judgment in diagnosing the claimant intestate's condition." It is not contended that the State is liable for the incorrect diagnosis nor did the court so find. The court's theory of liability was that the State, "having determined upon a course of therapy", negligently failed "to fulfill that course." The instructions of the Institute's physicians were that the decedent was to be placed "under close observation". At times the decedent was excited and at other times depressed and it was required also that he not be permitted to leave the ward except on "accompanied walks". Close observation and confinement to the ward unless accompanied by an attendant were, of course, appropriate to treatment, as appears from the mere fact of the medical directives. Had the decedent's condition worsened because of negligence of the attendants in failing to carry out the orders, a case would have been presented for holding the State liable for deterioration of the decedent's condition. However, as the diagnosis was that the decedent's condition did not present a risk of suicide, the diagnosing and treating physicians were under no duty, for purposes of preventing suicide, to require close observation and confinement to the ward as precautions against suicide and hence the State, having through its physicians, made a diagnosis of no suicidal tendency, was under no duty to guard against suicide and, having been under no duty, may not be held liable in negligence for the decedent's death. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur. [44 Misc 2d 243.]